**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **EDDIE FRANKLIN HARRIS, JR.,** | * | |
| **Petitioner,** | * | |
| | * | **Civil No. AW-06-2404** |
| v. | * | **Criminal No. AW-04-088** |
| | * | |
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **Respondent** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OPINION**

On September 15, 2006, Petitioner Eddie Franklin Harris, Jr. ("Harris" or "Petitioner") filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On June 21, 2004, Petitioner pled guilty to distribution of and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). On September 24, 2004, Petitioner was sentenced to one hundred twenty months imprisonment, followed by five years supervised release with conditions, and a $100 special assessment. On September 14, 2006, Petitioner filed a § 2255 motion to equitably toll the limitation period. Specifically, Harris claims that newly discovered information about his case justifies a tolling of the limitation period to begin on the date that he discovered three occasions of ineffective assistance of counsel. Petitioner's claims of ineffective assistance of counsel include that his attorney failed: 1) to request a lesser sentence at sentencing, 2) to relinquish Harris' file upon request, and 3) to file an appeal after being requested to do so. Harris claims that his discovery of ineffective assistance of counsel invokes subsection (4) of 28 U.S.C. § 2255, thus, tolling the one-year statute of limitations for filing his § 2255 motion. It is clear to the Court that Petitioner's first two claims of ineffective assistance of counsel fail to warrant equitable tolling.

However, as discussed more fully below, this Court is unable to determine whether the third claim warrants equitable tolling of the limitation period without conducting an evidentiary hearing.

### **STANDARD OF REVIEW**

Section 2255 provides a one year statute of limitations, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the Unites States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The Fourth Circuit has held that the time restriction in § 2255 is a statute of limitations, which in the proper circumstances, may be subject to equitable tolling. *United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000); *Harris v. Hutchinson*, 209 F.3d 325, 328-29 (4th Cir. 2000). "Although the one-year limitation period on seeking relief under § 2255(1) is subject to equitable tolling, equitable tolling only applies in those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Lora v. United States*, 2003 WL 23508099 (internal citations and quotations omitted) (unpublished).

When determining whether compelling reasons exist to equitably toll the one-year limitation period, the district court should consider the facts and circumstances of each particular case. *See Harris v. Hutchinson*, 209 F.3d at 330. Equitable tolling is warranted where an otherwise time-

2

barred petitioner presents "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, [and] (3) that prevent him from filing on time." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citing *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)).  Equitable tolling is only warranted where some extraordinary circumstance has prevented the petitioner from exercising his rights, and he shows that he exercised due diligence in investigating and bringing the claims.  *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618-19 (3d Cir. 1998).

## **DISCUSSION**

For the purposes of the § 2255 limitations period when there is no direct appeal, a judgment of conviction becomes final ten days from the date judgment is entered.  *See Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005); *Sanchez-Castellano v. United States*, 358 F. 3d 424, 428 (6th Cir. 2004) (finding that for the purposes of § 2255, a federal judgment that is not appealed becomes final ten days after entered); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); FED. R. APP. PROC. 4(b)(1)(a).  Petitioner did not appeal his judgment and conviction to the Fourth Circuit.  Since judgment was entered against him on September 24, 2004, his conviction became final ten days later on October 4, 2004.  Petitioner did not file his § 2255 petition until September 14, 2006, almost two years after the limitations period provided in § 2255.

Harris makes no argument that the limitation period should be tolled as a result of a government action under § 2255(2) or for a newly recognized right recently made retroactive under § 2255(3).  As a result, he must establish under § 2255(4) that, despite his due diligence, he could not have discovered certain facts supporting his claim until after his conviction became final.

Petitioner claims that his motion is timely under § 2255(4) because he filed his petition within one year of the date on which he discovered three occasions of ineffective assistance of

3

counsel. To properly apply the doctrine of equitable tolling in this case, Harris must establish that, despite his due diligence, his attorney acted wrongfully with regard to Harris' case, that the acts of his attorney were beyond his control, and that those acts resulted in an extraordinary circumstance that would warrant equitable tolling.

Petitioner first claims that his defense attorney failed to request a lesser sentencing on the September 24, 2004 sentencing date. More specifically, Petitioner claims that since he was convicted of an offense under 21 U.S.C. § 841, he was eligible and met the criteria for a lesser sentence under 18 U.S.C. § 3553(f). Harris claims that his attorney's failure to address the Section 3553(f) "safety valve" issue at sentencing warrants equitable tolling under § 2255(4). This claim is insufficient since Harris had ample time to address the unsatisfactory representation of his attorney within the one-year statute of limitation period allowed by § 2255. Furthermore, the record indicates that Petitioner's counsel did in fact write a letter to the Assistant United States Attorney on August 11, 2004 requesting a reduced minimum term of incarceration of 108-135 months per the § 3553(f) "safety valve" provision.

Second, Harris claims that his § 2255 petition was untimely because his counsel refused to give Harris his case file despite multiple requests for the file. Contradicting facts surround the issue of when Harris first requested his case file from his counsel; Harris claims he first requested the file immediately following the September 24, 2004 sentencing and Petitioner's counsel claims Harris first requested the file on March 4, 2006. Regardless of which date is used, Harris' claim regarding his inability to obtain his file is insufficient to toll the limitations period under 28 U.S.C. § 2255(4). Although Harris has not received his case file, he has still managed to file the instant petition. It appears to the Court that Petitioner's ability to submit the instant petition without access to his file

weighs against tolling the limitation period for lack of access to his file. *See United States v. Agubata*, 1998 WL 404303 at *3 (D. Md. 1998) (finding "lack of access to his transcripts does not explain why he waited until [after the statutory period] to file his motion, for it appears that he still has not received the transcripts") (unpublished).

Finally, Harris claims that his attorney failed to appeal his sentence despite Harris' request that he do so. This claim could warrant equitable tolling since the Fourth Circuit has recognized that equitable tolling might be warranted in cases where a criminal defendant instructed his attorney to appeal but the attorney failed to do so. *See United States v. Peak*, 992 F.2d 39 (4th Cir. 1993). Assuming that Harris did request that his attorney appeal the conviction, the proper application of equitable tolling in this case depends on when Harris could have discovered that his attorney neglected to file the appeal. Harris claims that he "did not discover [his attorney's] failure to file the required notice of appeal and subsequent appeal until the time for filing had expired." Mot. for § 2255 at 17. The Court is unable, on the record before it, to ascertain counsel's specific response to these claims. Particularly, the Court is unable at this time to determine whether counsel denies that Harris asked for an appeal or whether counsel ever addressed Petitioner's request.

It is unclear when Harris discovered or could have discovered that his attorney failed to file an appeal. According to counsel's Response to the Motion to Compel, Petitioner's attorney spoke with Harris by telephone in March of 2005 and informed Harris that he was no longer with his previous firm. Resp. to Mot. to Compel ¶ 6. Nothing in the record indicates whether Harris discovered that his attorney had not appealed the conviction at the time of the March 2005 phone conversation. Section 2255 provides that the one year limitation period begins to run when the facts *could have been discovered* through the exercise of due diligence, not when they were actually

discovered.

"In deciding a § 2255 motion, the court need not hold an evidentiary hearing if 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Brooks v. United States*, 166 F. Supp. 2d 366, 368 (D. Md. 2001) (quoting 28 U.S.C. § 2255). "If the petitioner 'alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claims.'" *Little v. United States*, 291 F.3d 708, 714-15 (11th Cir. 2002) (quoting *Holmes v. United States*, 876 F.2d 1545, 1552 (11th Cir. 1989)). A district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record. Here, the record clearly indicates that the Petitioner's first two claims do not warrant equitable tolling. However, the record is not as clear with respect to Petitioner's final claim. Therefore, the Court will conduct an evidentiary hearing to determine 1) whether Harris requested that his attorney file an appeal, and if so, 2) when Harris, through the exercise of proper due diligence, *could have discovered* the failure to file the appeal.

## **CONCLUSION**

For the reasons stated above, the Court will conduct an evidentiary hearing on Petitioner's motion. A separate Order consistent with this Memorandum Opinion will follow.

February 27, 2007  
Date

/s/  
Alexander Williams, Jr.  
United States District Judge

6